Ignacy R. Skarbek v. Commissioner.
Skarbek v. Commissioner
Docket No. 5886-69 SC
United States Tax Court
T.C. Memo 1970-100; 1970 Tax Ct. Memo LEXIS 259; 29 T.C.M. (CCH) 465; T.C.M. (RIA) 70100; April 30, 1970, Filed Ignacy R. Skarbek, pro se, 15 Lloyd Court, Apt. 3A, Nutley, N.J.,,john James O'Toole, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in petitioner's 1966 income tax in the amount of $721.60. The issues remaining for decision are (1) whether the petitioner is entitled to a deduction for certain child care expenses within the meaning of section 214 of the Internal Revenue Code of 1954, and (2) whether the petitioner is entitled to head of household status within the meaning of section 1(b) (2) of the Code. Findings of Fact The petitioner, Ignacy R. Skarbek, filed his income tax return for the taxable year 1966 with the district director of internal revenue, Newark, *260 New Jersey, and he resided at 15 Lloyd Court, Nutley, New Jersey, at the time his petition was filed herein. 466 In August 1965, the petitioner and his wife entered into a separation agreement. Under the agreement his wife was to have custody of their two children and the petitioner was to pay $105 bi-weekly for her support and $120 bi-weekly for the support of the children. In September 1965 the petitioner's wife obtained an ex parte Mexican divorce decree which incorporated the separation agreement. In 1966 the petitioner paid $5,860 pursuant to the agreement. Throughout 1966 the petitioner had visitation rights for the children from 9:00 a.m. Saturday until 6:00 p.m. Sunday. The children would normally visit the petitioner during such time, staying at his apartment on Saturday night. In addition, the children would normally visit the petitioner at his apartment for 4 to 5 hours on Tuesday and Thursday evenings while the mother was working overtime. Apart from the visits with petitioner the children resided with their mother. On his income tax return for 1966 the petitioner claimed the $5,860 paid pursuant to the separation agreement as a deduction. In addition, petitioner *261 claimed a casualty loss deduction of $465 for uninsured damage to his automobile which resulted from an accident. In the notice of deficiency the respondent determined that $3,120 of the amount paid pursuant to the separation agreement represented nondeductible child support payments. The respondent also reduced the petitioner's claimed casualty loss to $235. He allowed the petitioner 2 dependency exemption deductions which the petitioner had not claimed. Opinion In his petition and at trial, the petitioner did not contest the adjustments made by the respondent in the notice of deficiency. However, he now claims that he is entitled to compute his tax at the rate provided for a head of household and also that he is entitled to deduct, as "child care," expenses incurred by him in keeping the children on Tuesday and Thursday evenings. Neither of these claims was made on his return. Section 1(b)(2) of the Internal Revenue Code of 1954[1] provides in part that an individual shall be considered a head of household only if such individual during the taxable year involved maintains as his home a household which constitutes the principal place of abode, as members *262 of such household, of certain dependents. It is clear that in 1966 the petitioner maintained his apartment so that his children could visit him during the week and upon the weekends. However, it is also clear that, within the meaning of section 1(b)(2), the children's principal place of abode in 1966 was not the petitioner's apartment. Rather, it was their mother's residence. Accordingly, the petitioner is not entitled to head of household status for the taxable year 1966. Section 214 of the Code [2] *263 provides that a taxpayer in certain circumstances may deduct expenses incurred by him for the care of certain dependents for the purpose of enabling him to be gainfully employed. Here the petitioner fails to meet the requirements of the statute in several respects. It is sufficient to state that here the child care expenses incurred by the petitioner were not incurred for the purpose of permitting him to be gainfully employed. Rather, they were incurred to permit his former wife to be so employed. Accordingly, the petitioner is not entitled to deduct under section 214 any expenses incurred during the taxable year 1966. Decision will be entered for the respondent. 467 Footnotes
1. Section 1(b)(2) of the Code provides in part as follows: SEC. 1. TAX IMPOSED. * * * (b) Rates of Tax on Heads of Households - * * * (2) Definition of head of household. - For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in section 2(b)), and either - (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of - (i) a son, stepson, daughter, or stepdaughter of the taxapayer, or a descendant of a son or daughter of the taxpayer * * *↩
2. Section 214 of the Code provides in part as follows: EXPENSES FOR CARE OF CERTAIN DEPENDENTS. (a) General Rule. - There shall be allowed as a deduction expenses paid during the taxable year by a taxpayer who is a woman or widower, or is a husband whose wife is incapacitated, or is institutionalized, for the care of one or more dependents (as defined in subsection (d)(1)), but only if such care is for the purpose of enabling the taxpayer to be gainfully employed.↩